**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-3641
_____

JOAN C. OAT,
                              Appellant

v.

SEWER ENTERPRISES, LTD;
ESTATE OF LLEWELLYN A. SEWER;
KATILADY CATERING AND EVENTS, INC.

_____

On Appeal from the District Court
of the Virgin Islands
(District Court No.: 3-03-cv-00115)
District Judge: Juan R. Sanchez

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 15, 2014

_____

Before: RENDELL, FUENTES and GREENAWAY, JR., *Circuit Judges*

(Opinion Filed: September 12, 2014)

_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Appellant Joan Oat appeals the District Court's order, filed August 16, 2013, denying four motions filed by Oat. For the reasons discussed below, we will affirm.[1]

## I. PROCEDURAL AND FACTUAL BACKGROUND

Because we write primarily for the parties who are familiar with the facts and procedural history, we recount only the essential facts.

In 2007, following a bench trial, the District Court determined that Appellee Sewer Enterprises, Ltd. ("SEL") had defaulted on two notes—dated July 1987 and December 1989—held by Oat. As such, the District Court entered an order in favor of Oat (the "June 2007 Order").

The note dated December 1989 (the "December 1989 Note") was secured by SEL's leasehold interest in Parcels 3h and 3i on Estate Enighed in St. John, Virgin Islands. Thus, the June 2007 Order provided Oat with a money judgment in the amount of $554,612.38 and a judgment permitting foreclosure on SEL's leasehold interest in Parcels 3h and 3i.

The note dated July 1987 (the "July 1987 Note") was secured by SEL's leasehold interest in Parcel 3Ae on Estate Enighed in St. John, Virgin Islands, as well as by SEL's leasehold interest in Parcels 3h and 3i. Notwithstanding, the June 2007 Order provided only a money judgment in the amount of $554,612.38, but not a judgment of foreclosure

relating to the properties securing the July 1987 Note.[2]

On December 17, 2007, the District Court entered a Writ of Execution, which directed the U.S. Marshal to take appropriate action to satisfy the money judgments obtained by Oat. Through the sale of the lease relating to Parcels 3h and 3i (the "Marshal's Sale")[3] and recovery of $27,468 from an SEL bank account, Oat was able to collect all but roughly $35,000 of the money to which she is entitled.

Oat then targeted SEL's leasehold interest in Parcel 3Ae to recover the outstanding balance. To that end, Oat filed a number of motions arguing, *inter alia*, that SEL had forfeited its leasehold interest in Parcel 3Ae, or that Oat was otherwise entitled to have SEL's leasehold interest in Parcel 3Ae assigned to her. The District Court denied each of these motions, finding that Oat's arguments had no legal basis and otherwise lacked merit.

Next, between February and July 2013, Oat filed another series of motions asking the District Court to, *inter alia*, (i) vacate the judgment of foreclosure and void the Marshal's Sale of the lease relating to Parcels 3h and 3i; (ii) find that SEL had forfeited

---

[1] We also note that Oat's opening pro se brief was unopposed, as neither Appellee filed a brief in opposition.

[2] Oat was also awarded an additional $289,691 in attorney's fees and expenses and $132,000 in interest on the money judgments.

[3] On March 30, 2012, the District Court granted Oat's Motion for an Order Confirming the Sale of Security for Judgment (the "March 2012 Order").

3

its leasehold interest in Parcel 3Ae or that Oat was otherwise entitled to have SEL's

leasehold interest in Parcel 3Ae assigned to her; and (iii) dissolve SEL.[4] In an order filed

August 15, 2013 (the "August 2013 Order"), the District Court denied each of Oat's

motions. This timely appeal followed. For the reasons set forth below, we will affirm.

## II.     JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction under 48 U.S.C. § 1612(a) and 28 U.S.C. §

1332(a) and we have jurisdiction under 28 U.S.C. § 1291. We exercise de novo review

over questions of law. *See Barclays Invs., Inc. v. St. Croix Estates*, 399 F.3d 570, 576 (3d

Cir. 2005).

## III.     ANALYSIS

**1. Oat's Motions Relating to the Praecipe, Writ of Execution, Judgment of Foreclosure and Marshal's Sale**

Even construing Oat's pro se pleadings liberally, *see, e.g.*, *Higgs v. Att'y Gen. of*

*U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), as this Court must, we find that the District Court

---

[4] Specifically, Oat filed a "Motion to Reconsider Order (Doc. 574) and *Pro Se* Plaintiff's Third Motion for Relief Under Rules 60(b)(3), 60(b)(4), 60(b)(5) and 60(b)(6) and 60(d)(3)," a "Motion to Reconsider Order (Doc. 574) and *Pro Se* Plaintiff's Third Motion for Relief Under Rules 60(b)(3), 60(b)(4), 60(b)(5) and 60(b)(6) and 60(d)(3) Resubmitted w/Amended Certificate of Service," "*Pro Se* Plaintiff's Motion to Void Writ of Execution; *Pro Se* Plaintiff's Motion to Void Order of Foreclosure; and *Pro Se* Plaintiff's Motion to Void *Praecipe* and Marshal's Sale for Failure to Conform with FRCP 69," and "*Pro Se* Plaintiff's Motion to Deem Conceded *Pro Se* Plaintiff's Motion to Void Writ of Execution, Order of Foreclosure, Praecipe and Marshal's Sale; Motion

did not abuse its discretion by denying each of Oat's motions in its August 2013 Order.

First, Oat argues that the District Court erred by failing to vacate its prior orders, which facilitated the foreclosure on and sale of the lease relating to Parcels 3h and 3i in partial satisfaction of Oat's money judgments.[5] Specifically, Oat argues that instead of permitting foreclosure on and sale of the lease relating to Parcels 3h and 3i, the District Court should have first required the U.S. Marshal to look to the personal property of SEL to satisfy her money judgments.

Oat's argument is without merit. In connection with SEL's default on the December 1989 Note, the District Court entered a judgment of foreclosure on SEL's leasehold interest in Parcels 3h and 3i, which secured the December 1989 Note. Under Virgin Islands law, this judgment of foreclosure entitled the U.S. Marshal to conduct a foreclosure on and sale of the lease to Parcels 3h and 3i and to satisfy Oat's money judgments in part with the proceeds of that sale. V.I. Code Ann. tit. 5, § 473(1) ("If . . . the judgment directs particular property to be sold, it shall require the marshal to sell such property and apply the proceeds as directed by the judgment."). Thus, it was proper for the District Court to enter orders to facilitate the foreclosure on and sale of the lease to Parcels 3h and 3i, and the District Court did not err in denying Oat's motions seeking vacatur of those prior orders.

---

for Decree of Forfeiture and Motion for Order of Dissolution of Corporation."

Second, Oat argues that, with respect to the money judgment relating to the July 1987 Note, Oat and the U.S. Marshal took steps to satisfy the outstanding money judgment out of the remainder of SEL's personal property, but to no further avail. Thus, she is now entitled to satisfy that outstanding money judgment via sale of the lease relating to Parcel 3Ae. This argument fails.

Although the July 1987 Note was secured in part by SEL's leasehold interest in Parcel 3Ae, the District Court did not grant a judgment of foreclosure relating to that leasehold interest, as it had for the leasehold interests securing the December 1989 Note. Thus, Virgin Islands law and Rule 69(a)(1) of the Federal Rules of Civil Procedure require the U.S. Marshal to first "satisfy the judgment, with interest, out of the personal property of such debtor." V.I. Code Ann. tit. 5, § 473(1); *see also* Fed. R. Civ. Proc. 69(a)(1) (providing that a money judgment must be "enforced by a writ of execution" and that "[t]he procedure on execution . . . must accord with the procedure of the state where the court is located . . ." i.e., it must accord with Virgin Islands law). Oat set forth insufficient evidence of the U.S. Marshal's attempts to satisfy the outstanding money judgment with SEL's personal property, and moreover, she failed to demonstrate that SEL has no other personal property. Thus, the District Court was correct to reject Oat's argument that she is entitled to foreclosure on and sale of the lease to Parcel 3Ae at this juncture. *See, e.g.*, District Ct. Order, July 6, 2012, ECF No. 552 ("Because it is unclear

---

[5] Specifically, these orders include (i) the Amended Writ of Execution; (ii) the Amended

6

whether Oat has attempted to fully satisfy her money judgment, which now totals approximately $35,000, out of SEL's personal property, Oat may not satisfy her judgment out of SEL's leasehold interest in Parcel 3Ae, unless she can demonstrate to this Court SEL has no other personal property.").

Relatedly, Oat argues that SEL forfeited its leasehold interest in Parcel 3Ae, or alternatively, that she is entitled to an assignment of this interest. However, Oat provides no viable legal support for these contentions. Therefore, the District Court did not abuse its discretion in rejecting these arguments as well.

Third, Oat argues that an order of dissolution should be entered as to SEL. However, Oat cannot rely on V.I. Code Ann. tit. 13, § 288 to support that argument. Section 288(a) provides that "[a]n action . . . to procure a judgment dissolving a corporation . . . may be maintained in the district court by the United States attorney . . ." or "by a creditor or stockholder upon proof to the court that the United States attorney omits for thirty days after the submission of a verified statement of the facts to maintain such an action." V.I. Code Ann. tit. 13, § 288(a). Section 288(a) also provides a number of bases upon which such an action can be maintained, including "where the corporation is insolvent" or "it has suspended its ordinary and lawful business." *Id.* at § 288(a)(1)-(2). Here, even assuming that Oat could bring an action under Section 288(a) as a stockholder of SEL, Oat has set forth conclusory statements rather than specific facts

Praecipe; (iii) the June 2007 Order; and (iv) the March 2012 Order.

reflecting that SEL should be dissolved pursuant to one of the legal bases set forth in the sub-provisions of Section 288(a). Given Oat's failure to set forth any other legal basis to support her dissolution argument, it must fail.

For the foregoing reasons, we will affirm the District Court's denial of Oat's "*Pro Se* Plaintiff's Motion to Void Writ of Execution; *Pro Se* Plaintiff's Motion to Void Order of Foreclosure; and *Pro Se* Plaintiff's Motion to Void *Praecipe* and Marshal's Sale for Failure to Conform with FRCP 69," and "*Pro* Se Plaintiff's Motion to Deem Conceded *Pro* Se Plaintiff's Motion to Void Writ of Execution, Order of Foreclosure, Praecipe and Marshal's Sale; Motion for Decree of Forfeiture and Motion for Order of Dissolution of Corporation."

## 2. "Motion to Reconsider Order and Third Motion for Relief Under Rules 60(b)(3), 60(b)(4), 60(b)(5) and 60(b)(6) and 60(d)(3)" and Amended Motion

Oat also argues that the District Court erred in denying her motions seeking relief pursuant to Rule 60(b)(3), 60(b)(4), 60(b)(5), 60(b)(6) and 60(d)(3) of the Federal Rules of Civil Procedure. We disagree.

A district court "may relieve a party . . . from a final judgment . . . for the following reasons . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

8

Importantly, a "movant under Rule 60(b) bears a heavy burden," and "[w]e view Rule 60(b) motions as extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (internal citations and quotation marks omitted). Relief under Rule 60(b) relief should "be reserved for those cases of injustices which . . . are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *U.S. v. Beggerly*, 524 U.S. 38, 46 (1998).

First, Oat failed to establish the existence of extraordinary circumstances. Second, Oat set forth only conclusory statements, rather than sufficient evidence or case law, to establish "fraud . . . misrepresentation, or misconduct by an opposing party," that the judgments rendered by the District Court are void, or that the relevant "judgment has been satisfied, released, or discharged," as is required under Rule 60(b)(3), 60(b)(4), 60(b)(5) and 60(b)(6) of the Federal Rules of Civil Procedure. Therefore, the District Court did not err, for Oat's "allegations do not nearly approach [the] demanding standard" set forth under Rule 60(b). *See Beggerly*, 524 U.S. at 47.

Furthermore, Rule 60(d)(3) of the Federal Rules of Civil Procedure does entitle a district court to "set aside a judgment for fraud on the court," Fed. R. Civ. P. 60(d)(3). Here, however, Oat provided the District Court with no legal basis for doing so.

## IV.    CONCLUSION

For the foregoing reasons, we will affirm.

9